IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MERLENE FAY WILSON-SUJO,

        Plaintiff,                No. 2:12-cv-1441-EFB

     vs.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

        Defendant.           ORDER

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. The parties' cross-motions for summary judgment are pending. For the reasons discussed below, the court grants plaintiff's motion, denies the Commissioner's motion, and remands the matter for further proceedings.

I.    BACKGROUND

        Plaintiff protectively filed an application for SSI benefits on December 29, 2008, alleging that she had been disabled since August 26, 2008. Administrative Record ("AR") 122, 174-82. Plaintiff's application was initially denied on March 18, 2009, and upon reconsideration on July 22, 2009. *Id*. at 126-137. On June 29, 2010, a hearing was held before administrative law judge ("ALJ") Mark Ramsey. *Id.* at 35-66. Plaintiff was represented by counsel at the hearing, at which she testified. *Id.*

On November 23, 2010, the ALJ issued a decision finding that plaintiff was not disabled under section 1614(a)(3)(A) of the act.[1] *Id.* at 13-23. The ALJ made the following specific findings:

1. The claimant has not engaged in substantial gainful activity since December 29, 2008, the alleged onset date (20 CFR 416.971 *et seq.*).

2. The claimant has the following severe impairments: chronic low back pain, status post L3-4 discectomy and fusion surgery, multilevel cervical degenerative disc changes and C6-7 disc protrusion, carpel [sic] tunnel syndrome (CTS), obesity and diabetes mellitus (DM) (20 CFR 416.920(c)).

\* \* \*

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert,* 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

2

> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925, and 416.926).
>
> * * *
>
> 4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of light work as defined in 20 CFR 416.967(b).
>
> * * *
>
> 5. The claimant is capable of performing past relevant work as a casino special events worker, give away customer service clerk and flagger construction. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 416.965).
>
> * * *
>
> 6. The claimant has not been under a disability, as defined in the Social Security Act, since December 29, 2008, the date the application was filed (20 CFR 416.920(f)).

*Id.* at 13-23.

Plaintiff requested that the Appeals Council review the ALJ's decision, *id.* at 2, and on March 23, 2012, the Appeals Council denied review, leaving the ALJ's decision as the final decision of the Commissioner. *Id*. at 3-6.

II.  LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521

(9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

III.    ANALYSIS

Plaintiff argues that the erred ALJ in (1) applying administrative res judicata in her case, (2) failing to provide clear and convincing reasons for rejecting her testimony, and (3) finding that her mental impairments were not severe.

The ALJ found plaintiff's claim precluded by res judicata because in a prior determination a previous ALJ found that plaintiff had the ability to perform a full range of light work, which includes her past relevant work. Plaintiff argues that this was error because she has shown an increase in severity of an impairment and raised a new issue in relation to her most recent claim for disability. ECF No. 16 at 3-7.

"The principles of res judicata apply to administrative decisions, although the doctrine is applied less rigidly to administrative proceedings than judicial proceedings." *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988). A prior finding that a claimant is not disabled creates a presumption of nondisability. *Lester*, 81 F.3d at 827. A claimant can overcome this presumption by showing that there has been a "change in circumstances," such as an increase in the severity of an impairment or a change in the claimant's age category. *Id*. The doctrine of res judicata is limited to claims that involve the same facts and same issues as a prior decision. 20 C.F.R. § 416.1457(c)(1); *see Lester*, 81 F.3d at 827 (holding that an ALJ is precluded from

/////

applying "res judicata where the claimant raises a new issue, such as the existence of an impairment not considered in the previous adjudication.").

Plaintiff previously filed applications for disability insurance benefits ("DIB") and for SSI on April 27, 2006. AR 109. An ALJ reviewed plaintiff's claims and found that plaintiff retained the residual functional capacity to perform the fully range of light work, which permitted her to perform her past relevant work. *Id*. at 109-121. Therefore, on August 26, 2008, the prior ALJ issued a decision finding that plaintiff was not disabled. *Id*. at 121.

In this case, the ALJ specifically found that plaintiff failed to rebut "the presumption of continuing nondisability arising from the first administrative law judge's findings." *Id*. at 20. Plaintiff contends that the ALJ erred in making this finding because she has demonstrated an increase in severity of her carpal tunnel syndrome in her left upper extremity. Pl.'s Mot. for Summ. J., ECF No. 16 at 4-6. Plaintiff further contends that the application of res judicata was inappropriate because plaintiff submitted evidence of a new impairment that was not adequately considered in her previous claim. *Id*. at 6.

The ALJ provided the following discussion concerning plaintiff's impairments to her left and right extremities due to carpal tunnel syndrome:

> The medical record shows that the claimant had some additional limitations due to difficulties with her right trigger thumb and carpel [sic] tunnel syndrome, but those limitations would not be expected to persist for a continuous period of 12 months. Records dated May 12, 2008, reveal the claimant had bilateral carpel [sic] tunnel syndrom as evidenced by an EMG (Exhibit 20F/12). L. Richard Morgan, M.D., stated the EMF indicated it was severe on the right and moderately sever on the left (Exhibit 20F/12). On March 23, 2008, the claimant underwent surgery to release her right median ulnar nerve including a medical block (Exhibit 20F/10). Treatment records dated December 5, 2008, show that while bending her right thumb, it would snap and cause her pain (Exhibit 9F3). X-rays of the claimant's right thumb dated December 17, 2008, revealed her thumb was within normal limits (Exhibit 9F/44). On January 26, 2009, Dr. Morgan determined the claimant needed surgery to release the claimant's right trigger thumb (Exhibit 20F/8). In [sic] February 6, 2009, the claimant also underwent surgery to repair her hand-lock trigger thumb on the right [hand] (Exhibit 20F/7). Follow-up treatment notes dated June 17, 2009, reveal that after the surgeries the claimant was doing well (Exhibit 20F/6). On March 25, 2010, the claimant underwent surgery to repair her compression neuropathy and ulnar nerve on the left wrist and first dorsal compartment (Exhibit 20F/1). The

> claimant did undergo surgery for her impairments, which certainly suggests that the symptoms were genuine. While that fact would normally weighs [sic] in the claimant's favor, it is offset by the fact that the record reflects that the surgery was generally successful in relieving the symptoms.

AR at 20.

The ALJ also observed that Dr. Dann, a non-examining consulting physician, found that claimant's right thumb, trigger and right carpal tunnel syndrome were not severe because they lacked the 12-month duration requirement. *Id.*; *see* 20 C.F.R. § 416.909 ("Unless your impairment is expected to result in death, it must have lasted or must be expected to last for a continuous period of at least 12 months. We call this the duration requirement."). The ALJ also relied on the opinions from two other state agency physicians, Dr. Loomis and Dr. Pong. Both physicians concluded that there was no significant change and recommended adoption of the prior ALJ's decision finding that plaintiff was not disabled. *Id.* at 20, 360, 399. The ALJ noted, however, that "the State Agency doctors did not have the benefit of reviewing the claimant's most current medical records, which show significantly [sic] improvement to her carpel [sic] tunnel syndrome and right trigger thumb." *Id.*

A June 11, 2009 progress note indicates that plaintiff was recommended to have carpal tunnel surgery performed on her left hand. *Id.* at 461. A June 17, 2009 treatment note shows that plaintiff recovered well from the two surgical procedures performed on her right extremity. *Id.* at 412. It also indicates that plaintiff needed to have surgery on her left extremity. *Id.* The record further reveals that plaintiff had surgery on her left extremity on March 25, 2010. *Id.* at 407. The Operative Report from that date provides that plaintiff was having numbness and tingling in all fingers, retrograde pain up into her arm, and a decreased grip strength. *Id.*

Dr. Dann rendered his opinion regarding plaintiff's carpal tunnel syndrome on March 4, 2009. *Id.* at 345. Dr. Loomis' opinion was rendered on March 11, 2009, *id.* at 360, and Dr. Pong's opinion was provided on July 16, 2009, *id.* at 399. Accordingly, all state agency physicians rendered their opinion prior to plaintiff having surgery on her left hand.

6

The ALJ acknowledged that the state agency physicians did not have an opportunity to review the more recent medical records. *Id*. at 21. However, the ALJ found that more recent medical records showed significant improvement "to her carpel [sic] tunnel syndrome and right trigger thumb." *Id*. The record supports the ALJ's finding concerning plaintiff's right extremity. As just discussed, treatment notes show that plaintiff had significant improvement to her right extremity due to the two surgical procedures. Plaintiff does not dispute the ALJ's findings in regards to her right hand.

Plaintiff contends, however, that the record does not support the same finding concerning her left upper extremity. The medical records discussed by the ALJ only indicate that plaintiff was recovering well from the surgical procedures performed on her right extremity. *Id*. at 412. The medical records, however, do not contain treatment notes indicating that surgery on her left upper extremity was as successful as the surgeries performed on her right extremity. Rather, the record simply shows that plaintiff underwent surgery on her left upper extremity because she was experiencing numbness and tingling in all her fingers, retrograde pain up into her arm, and a decreased grip strength. There is no indication that surgery relieved these impairments.

The ALJ's finding that the fact that plaintiff underwent surgery certainly suggests that plaintiff's symptoms are genuine, and that this fact weighs in plaintiff's favor, is certainly supported by the record. *See id.* at 20. However, the ALJ's finding that this is "offset by the fact that the record reflects that surgery was generally successful in relieving the symptoms" in plaintiff's left extremity is not supported by substantial evidence in the record. The record shows that plaintiff had an increase in severity of her carpal tunnel syndrome in her left hand, which eventually led to plaintiff undergoing surgery. Although the record indicates that plaintiff had surgery on her left hand, there is simply no evidence in the record to establish that the surgery improved her condition. On the current state of the record, plaintiff has established an increase in the severity of an impairment and there was the need to surgically intervene. The surgery may or may not have resulted in improvement but there is no evidence to establish that

7

the impairment subsequently improved. Where, as here, there is inadequate information to make the a determination material to the outcome of the claim, the ALJ has a duty to develop the record. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). As noted, the necessary evidence as to improvement simply was not obtained here. Therefore, the ALJ erred in finding that plaintiff had not rebutted the presumption of nondisability.

The record also demonstrates that the application of res judicata was inappropriate in this case because plaintiff raised a new issue–an impairment to her foot–that was not considered in the prior adjudication. *Lester*, 81 F.3d at 827 (An ALJ is precluded from applying "res judicata where the claimant raises a new issue, such as the existence of an impairment not considered in the previous adjudication."). X-rays from June 24, 2008, show that plaintiff has bilateral heel spurs. Plaintiff also had X-rays taken on July 30, 2009, which confirmed that plaintiff had small plantar and posterior spurs of the calcaneus. *Id*. at 456. Furthermore, at her June 29, 2010 hearing, plaintiff testified her heel spurs caused swelling in her right foot, which impairs her ability to walk and stand. *Id*. at 56-87.

While the June 2008 X-rays were performed before the prior decision, which was decided on August 26, 2008, the ALJ's detailed review of the medical evidence made no mention of plaintiff's bilateral heel spurs. *See* AR 109-120. It therefore appears that this issue was not considered in reaching the 2008 decision.

Defendant appears to argue that the X-ray evidence does not preclude the application of res judicata because the June 2008 X-rays were performed prior to the last ALJ's decision. ECF No. 17 at 10. Social Security Ruling 68-12a, instructs that a previous decision denying benefits does not preclude a subsequent finding that the claimant is disabled during the previously-adjudicated period where the claimant has presented new and material evidence that is applicable to that period. Here, plaintiff has presented evidence relevant to the previously-adjudicated period that was not considered in reaching the prior decision. This new and material evidence raises an issue that was not previously considered, the application of res judicata was

inappropriate. 20 C.F.R. § 416.1457(c)(1) (res judicata applies when the Commissioner has made a previous decision on the same facts and the same issue or issues).

Defendant also contends that the ALJ properly applied res judicata because state agency physician Dr. Loomis[2] had an opportunity to review plaintiff's 2008 X-rays and found that there was no significant change in circumstances from the previous ALJ's assessment. This argument misses the point. Regardless of whether Dr. Loomis opined that there was no change in plaintiff's RFC since the prior decision, plaintiff submitted new evidence raising a new issue in support of her most recent claim for disability. An ALJ is precluded from applying "res judicata where the claimant raises a new issue, such as the existence of an impairment not considered in the previous adjudication." *Lester*, 81 F.3d at 827. As plaintiff did not raise her impaired ability to walk and stand due to heel spurs in her prior claims for disability benefits, the ALJ was precluded from applying res judicata in this case.

For the reasons stated above, the ALJ failed to apply the correct legal standard in assessing plaintiff's disability claim. The matter must therefore be remanded to allow the Commissioner to assess plaintiff's claim under the appropriate legal standard.[3]

## IV. CONCLUSION

Based on the foregoing, IT IS ORDERED that:.

1. Plaintiff's motion for summary judgment is granted;

2. The Commissioner's cross-motion for summary judgment is denied;

3. The Clerk is directed to enter judgment in plaintiff's favor; and

/////

/////

---

[2] Defendant, citing to the opinion of Dr. Loomis, mistaking contends that it was Dr. Dann who reviewed the X-rays and found no significant changes. *See* ECF No. 17 at 10; AR 357-360.

[3] As the matter must be remanded to allow the ALJ to consider plaintiff's claim under the appropriate legal standard, the court declines to address plaintiff's additional arguments.

1     4. The matter is remanded for further proceedings consistent with this opinion.

2 DATED: September 26, 2013.

                          EDMUND F. BRENNAN
                          UNITED STATES MAGISTRATE JUDGE